United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30406
Summary Calendar

ADA D. TURNER; ET AL.,

Plaintiffs,

ADA D. TURNER, individually and as administrator of the
estate of her minor children Devin Duval and Daniel Daigle;
RONNIE TURNER,

Plaintiffs-Appellants,

versus

NEAL E. PLEASANT; ET AL.,

Defendants,

NEAL E. PLEASANT; RPIA OF DELAWARE INC.; STANDARD FIRE
INSURANCE CO.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CV-3572-T
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie and Ada Turner filed a complaint alleging that the

M/V 24 KARAT navigated at an unsafe speed causing an excessive

wake that caused the Turners' small bass boat "to go airborne"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injuring Ada Turner's low back.  Following a bench trial, the district court entered judgment in favor of the defendants.  The Turners challenge that judgment on appeal.  A trial court's findings respecting negligence, cause, and proximate cause are findings of fact reviewed under the clearly erroneous standard. Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992).

The Turners alleged that their boat encountered a large wake from the M/V 24 KARAT as it was passing the M/V GENERAL E. LEE. Based on the deposition testimony of the master of the M/V GENERAL E. LEE, Captain Ronald Babin, the district court concluded that the M/V 24 KARAT was not traveling at an unsafe speed nor had it created an unusual wake as it passed the M/V GENERAL E. LEE.  The district court also noted the testimony of an expert witness, Arthur Sargeant, that the accident could not have happened as described by the Turners.  The Turners have not shown that the district court was clearly erroneous in finding that they failed to prove that the M/V 24 KARAT was not operating in a safe and reasonable way at the time of the alleged injury.

After the trial, the Turners moved to recuse the district court.  The Turners contend the district court erred by denying their request.  Below, the Turners suggested five reasons for the court to recuse itself.  Three of those reasons arise from unrelated investigations that do not create a doubt about the court's impartiality.  The Turners do not suggest how the fourth reason—that the defense firm hired the court's law clerk—casts

doubt on the court's impartiality. The last reason–that the court has a social relationship with the defense attorney–is unsupported. The only evidence produced to show bias is the court's judgment. In light of the evidence supporting the judgment, this showing is insufficient. The district court did not abuse its discretion in denying the 28 U.S.C. § 455 motion to recuse. See Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988).

AFFIRMED.